UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE ZMIRICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV01861 ERW |
| | ) | |
| STANGE LAW FIRM, PC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on "Defendant's Motion to Dismiss" [ECF No. 7].

## I. BACKGROUND

Plaintiff Michelle Zmirich initiated this lawsuit by filing a Petition (hereinafter "Complaint") in the Circuit Court of St. Charles County, Missouri, on October 1, 2014 [ECF No. 3]. The Petition, brought against Defendant Stange Law Firm, PC, alleges the following causes of action: violations of the Missouri Minimum Wage Law (Count I); violations of the Fair Labor Standards Act ("FLSA") (Counts II and VII); unpaid wages pursuant to section 290.110 RSMo (Count III); quantum meruit (Count IV); unjust enrichment (Count V); wrongful termination (common law) (Count VI); wrongful termination (harassment) (Count VIII); and wrongful termination (assault) (Count IX).

Under Count IV, for quantum meruit, the Complaint contains the following statements:

58. Plaintiff re-alleges and incorporates by reference all facts contained in the previous paragraphs of her Petition as though fully stated herein.
59. Plaintiff provided services to Defendant Stange at the Defendant's request and/or with Defendant Stange's acquiescence.
60. Defendant Stange benefited from Plaintiff's services.
61. The services provided by the Plaintiff to Defendant Stange had a reasonable value.

> 62. Despite demand for payment, Defendant Stange have failed and refused to pay the reasonable value of the services.

[ECF No. 3 at ¶¶ 58-62]. Further, under Count V, for unjust enrichment, the Complaint contains the following statements:

> 63. Plaintiff re-alleges and incorporates by reference all facts contained in the previous paragraphs of her Petition as though fully stated herein.
> 64. Plaintiff conferred a benefit upon Defendant Stange in that they provided the Defendant with services.
> 65. Defendant Stange has acknowledged and/or recognized that it has received a benefit from the services.
> 66. Defendant Stange has accepted and retained the benefit of the services.
> 67. Defendant Stange promised to pay for said services but has failed to do so.
> 68. Defendant Stange has not paid to Plaintiff a reasonable value for the services.
> 69. The failure of Defendant Stange to pay to Plaintiff a reasonable value for the services is unjust.

[ECF No. 3 at ¶¶ 63-69].

On November 4, 2014, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1446(b) and 1331 [ECF No. 1]. The next day, Defendant filed the pending Motion to Dismiss, seeking the dismissal of Plaintiff's state common law claims for quantum meruit and unjust enrichment for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) [ECF No. 7]. For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiff's Complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010).

Plaintiff began working for Defendant as a legal assistant on October 1, 2012. Defendant, which has an annual gross volume of sales made or business done in excess of $500,000.00, paid Plaintiff $14.42 per hour. During her employment, Plaintiff routinely worked in excess of forty hours per week, but Plaintiff was never paid one and one-half times her normal hourly wage for the hours she worked in excess of forty hours per week. Further, Plaintiff

worked 1,110 overtime hours (hours in excess of forty hours per week) for which she received no compensation at all.  At some point, Plaintiff complained that she was forced to work in excess of 40 hours per week without additional compensation.  On October 23, 2013, Plaintiff made a written demand to her foreman or the keeper of her time for the Defendant for her unpaid wages.  Plaintiff told Defendant she would not work more than forty hours per week without additional compensation.  Defendant terminated Plaintiff's employment on October 23, 2013.

## II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief."   To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A court accepts "as true all of the factual allegations contained in the complaint," and affords the non-moving party "all reasonable inferences that can be drawn from those allegations" when considering a motion to dismiss.  *Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014) (internal quotations and citation omitted).  However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).

A well-pleaded complaint may not be dismissed even if it appears proving the claim is unlikely and if the chance of recovery is remote. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendant moves to dismiss the state common law claims of quantum meruit and unjust enrichment. Defendant make three arguments as to how Plaintiff has failed to state a claim for these two causes of action. For reasons stated *infra*, the Court shall deny the Motion to Dismiss.

### A. *Recitation of Elements*

First, Defendant argues Plaintiff's Complaint "fails to plead facts to establish the essential elements of her claims for quantum meruit and unjust enrichment" [ECF No. 8 at 5]. Rather, Defendant contends Plaintiff merely "recites conclusory allegations" and "restates the standard elements" for these claims [ECF No. 8 at 5-6]. Plaintiff responds she "has made allegations that she did considerable work for the Defendant for which she was not paid," pointing to specific facts alleged in the Complaint [ECF No. 9 at 2-3].

To establish unjust enrichment under Missouri law, a plaintiff must establish: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3)

the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Binkley v. American Equity Mortgage, Inc.*, No. SC 94152, 2014 WL 5857324, at *4 (Mo. Banc Nov. 12, 2014) (internal citation omitted). To prevail on a claim for quantum meruit under Missouri law, a plaintiff must show: (1) he provided the defendant services at the defendant's request or with its acquiescence; (2) the services provided were of a certain and reasonable value; and (3) the defendant refused to pay for such services after demand by the plaintiff. *Moran v. Hubbartt*, 178 S.W.3d 604, 609 (Mo. App. W.D. 2005).

Here, Plaintiff did more than just recite the elements for quantum meruit and unjust enrichment. In addition to the statements made under Counts IV and V (reproduced *supra* in Part I with the original numbered paragraphs), Plaintiff also re-alleged and incorporated by reference in those Counts the following relevant facts: Defendant paid Plaintiff $14.42 per hour; Plaintiff routinely worked in excess of forty hours per week; Plaintiff was never paid an overtime rate (one and one-half times her normal hourly wage) for the hours she worked in excess of forty hours per week and worked 1,110 overtime hours (hours in excess of forty hours per week) for which she received no compensation at all; Plaintiff complained for being forced to work overtime without additional compensation and made a written demand to Defendant for her unpaid wages; Plaintiff told Defendant she would not work more than forty hours per week without additional compensation and was fired by Defendant. Taken together, the statements expressly included and incorporated by reference in Counts IV and V sufficiently address the aforementioned elements and constitute more than a mere recitation of conclusory allegations or elements. Therefore, the Court rejects Defendant's first ground for dismissal.

## B. *An Ignored Element*

Similarly, Defendant contends Plaintiff has failed to allege facts establishing a necessary

element. Defendant argues that for "unjust enrichment/quantum meruit" claims in the employment context:

> [T]he employee must show that: at the special insistence and request of the employer, *the employee performed work in excess of his ordinary duties* for the benefit of the employer; that the employer accepted such work; that it amounted to an amount certain; that the reasonable value for the work was a price certain; and, although duly demanded of the employer, the employer has failed and refused to pay for the services.

[ECF No. 8 at 5 (quoting *Roebuck v. Valentine-Radford, Inc.*, 956 S.W.3d 329, 332 (Mo. App. W.D. 1997) and citing *Austin v. Kansas City Gen. Hosp. and Medical Ctr.*, 570 S.W.2d 752, 754 (Mo. Ct. App. 1978)) (emphasis added)]. With reference to these supposed requirements, Defendant states, "Plaintiff's Petition never alleges that she performed work 'in excess of [her] ordinary and required duties' as required by Missouri law . . . . Thus, Plaintiff's allegations fail to state claims for quantum meruit and unjust enrichment under Missouri law, and thus those claims should be dismissed" [ECF No. 8 at 6].

Again, the Court disagrees with Defendant. Both cases to which Defendant cites in support of these "employment context" requirements (*Roebuck* and *Austin*) clearly identify the extra requirements as applying only to salaried employees. *See Roebuck*, 956 S.W.2d at 333 (characterizing the "performance-in-excess-of-ordinary-duty requirement" as a "required element of a *salaried employee* quantum meruit claim") (emphasis added); *Austin*, 570 S.W.2d at 754, 756 (characterizing the claim as a "petition in quantum meruit for extra services performed by a *salaried employee*") (emphasis added). These cases seem to make clear the "employment context" requirements at issue only apply to quantum meruit claims[1] brought by salaried employees. Here, Plaintiff clearly alleges herself to be paid hourly, not based on a salary [ECF

---

[1] This contradicts Defendant's claim that the proposed "employment context" requirements apply not only to Plaintiff's quantum meruit claim, but also Plaintiff's unjust enrichment claim.

No. 3 at ¶¶ 25, 46]. Therefore, because these employment-specific requirements asserted by Defendant do not appear to apply to Plaintiff's claims, the Court rejects Defendant's second ground for dismissal.

## C. *Availability of Claims*

Finally, Defendant argues, "Under Missouri law, [Plaintiff's] allegations of unpaid overtime do not state claims for quantum meruit and unjust enrichment" [ECF No. 8; *see also* ECF No. 7 at 1]. Put another way, "Where a plaintiff's unjust enrichment or quantum meruit claims are merely ancillary to claims for unpaid overtime, Missouri law does not recognize quantum meruit and unjust enrichment causes of action" [ECF No. 10 at 2 (For support, Defendant subsequently quotes *Roebuck*, 956 S.W.2d at 332.)].[2] However, this Court does not agree the quoted passages from *Roebuck* support such a broad and sweeping absolute conclusion. Rather, the plaintiff in *Roebuck* lost on the "unjust enrichment-quantum meruit claim" simply because the "evidence fail[ed] to prove a required element of a salaried employee quantum meruit claim[3] and, therefore, the trial court did not err in directing a verdict for [the defendant]." *Id.* at 333. *Roebuck* does not represent a sweeping condemnation of unjust enrichment and quantum meruit claims related to claims of unpaid overtime. It merely provides a context-specific ruling in favor of a defendant. Therefore, the Court rejects Defendant's third ground for dismissal.

---

[2] Specifically, Defendant includes the following quotation from *Roebuck* in support of its argument: "If the person is already employed by the [defendant], the request for additional services . . . generally does not justify an inference of an offer to pay anything in addition to the compensation specified in the contract of employment." *Roebuck*, 956 S.W.2d at 332. In the *Roebuck* opinion, this statement is made immediately before that court lays out the "employment context" requirements discussed in Section B, *supra*.
[3] Specifically, the plaintiff in *Roebuck* failed to prove he performed work in excess of his ordinary and required duties. *Roebuck*, 956 S.W.2d at 332-33.

Accordingly,

**IT IS HEREBY ORDERED** that "Defendant's Motion to Dismiss" [ECF No. 7] is **DENIED.**

Dated this  11th  Day of December, 2014.

*E. Richard Webber*
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE